**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4830**

---

UNITED STATES OF AMERICA,

                           Plaintiff - Appellee,

    versus

EDISON PILGRIM CRAWFORD,

                           Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (CR-02-42)

---

Submitted: January 5, 2006         Decided: April 6, 2006

---

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

John Kenneth Zwerling, ZWERLING, LEIBIG & MOSELEY, P.C., Alexandria, Virginia; Dana M. Slater, SILBER & SLATER, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edison Crawford (Crawford) pled guilty to one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of marijuana in violation of 21 U.S.C. § 844. With respect to his § 922(g)(1) conviction, the district court sentenced Crawford to fifteen years' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which act mandates a minimum fifteen-year sentence when a defendant has at least three prior convictions for "violent felon[ies]" that were "committed on occasions different from one another." Id. The district court sentenced Crawford to one year imprisonment with respect to his conviction for possession of marijuana to run concurrent with his fifteen-year sentence. On appeal, Crawford makes three arguments in challenge to his sentence under the ACCA. We affirm.

Crawford first argues that in order to conclude that he had three burglary convictions which qualified as violent felonies under the ACCA, the district court necessarily looked beyond the face of the charging documents for those convictions in violation of the Sixth Amendment's jury-trial guarantee. Crawford's argument is without merit. A district court may enhance a sentence based on the "fact of a prior conviction," United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006), regardless of whether or not it was admitted to by the

- 2 -

defendant or found by a jury so long as the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it," id. at 283. Facts necessary to support a sentencing enhancement inhere in the fact of conviction rather than being extraneous to it so long as they come from "the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction." United States v. Collins, 412 F.3d 515, 521 (4th Cir. 2005).

The ACCA defines the term "violent felony" in relevant part as "any crime . . . that . . . is burglary . . . ." 18 U.S.C. § 924(e)(2)(B)(ii). In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court "conclude[d] that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599.

Our review of the record discloses that the district court did not look and did not need to look beyond the respective charging documents with respect to Crawford's prior convictions in order to determine that he had three prior violent felony convictions. On their face, the charging documents for those convictions reveal

- 3 -

that they involved crimes having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. Additionally, the charging documents reveal on their face that the burglaries occurred on occasions different from one another. Accordingly, the district court did not violate the Sixth Amendment's jury-trial guarantee in determining that he had three burglary convictions which qualified as violent felonies under the ACCA.

Crawford argues second that his fifteen-year sentence under the ACCA is grossly disproportionate to his felon-in-possession conviction in violation of the Eighth Amendment. His argument is without merit. "As we have held before, a fifteen-year sentence under ACCA is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment." United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995).

Finally, Crawford argues that the ACCA creates a separate crime such that the Sixth Amendment's jury-trial guarantee does not permit application of the ACCA unless the fact of a prior conviction is either charged by a grand jury and found by the trier of fact beyond a reasonable doubt or admitted by the defendant. Crawford's argument is without merit. In United States v. Cheek, 415 F.3d 349 (4th Cir. 2005), cert. denied, 74 U.S.L.W. 3288 (U.S. Nov. 7, 2005) (No. 05-6904), we recently rejected this identical

- 4 -

argument in an ACCA case: "It is . . . abundantly clear that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." Id. at 354.

For the reasons stated herein, we affirm Crawford's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED